UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE TRIPP,

       Plaintiff,

                                            CASE NO. 1:08-CV-669

v.

                                            HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 9), Plaintiff's Objections (docket # 10), and Defendant's Response (docket # 12). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Plaintiff's Complaint (docket #1) be dismissed because the Commissioner's decision was supported by substantial evidence and Plaintiff failed to show good cause why the case should be remanded to the Commissioner. Plaintiff raises a number of objections, but none of the objections undermine the conclusion of the Magistrate Judge. After a de novo review of the record, the Court adopts the Report and Recommendation as factually correct and legally sound, and orders that Plaintiff's complaint be dismissed.

Plaintiff advances three objections to the Report and Recommendation. First, Plaintiff contends that the ALJ gave no justification or insufficient justification for the decision not to credit certain statements made by her treating physician. The Report and Recommendation quotes extensively from the ALJ's opinion denying disability benefits, including those portions of the decision relevant to statements made by Plaintiff's treating physician. (*See* docket # 9, at 5-7.) In particular, the Report and Recommendation notes, correctly, that an ALJ is not bound by a conclusory statement of a treating physician where the statement is unsupported by objective criteria and documentation. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 586-87 (6th Cir. 1994) (noting that the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence"); *see also* 20 C.F.R. § 404.1527(d)(2). Here, the record does not include objective medical criteria and documentation supporting the conclusion attributed to the treating physician. Accordingly, the ALJ's properly supported decision to discount the unsubstantiated opinions, must be affirmed. *See Cutlip*, 25 F.3d at 586-87 (explaining the "substantial evidence" standard).

Second, Plaintiff contends that the ALJ's credibility determination discounting Plaintiff's subjective complaints should be set aside because he failed to give good reason for doubting the intensity or persistence of Plaintiff's alleged physical limitations. The ALJ's credibility

determinations are entitled to great deference and should not be set aside absent a compelling reason to do so. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993). The ALJ explained in detail his reasoning for doubting Plaintiff's credibility. The record supports the ALJ's observations. Plaintiff offers no compelling reason to set aside the ALJ's determination. Accordingly, this objection is without merit.

Finally, Plaintiff objects to the Report and Recommendation because the Magistrate Judge declined to reverse the ALJ's decision and award immediate benefits without remanding for a new hearing. Because the Court agrees with the Magistrate Judge's recommendation that the ALJ's decision denying benefits be upheld, an award of benefits is unwarranted.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed April 21, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (docket #1) is **DISMISSED**.


Dated:    September 21, 2009             /s/ Robert J. Jonker
                                                           ROBERT J. JONKER
                                                           UNITED STATES DISTRICT JUDGE